MARCELLUS A. FRENCH SR.
                PLAINTIFF,

SCANNED at MENARD and E-mailed
8-29-23   by   JC   393   pages
Date        initials    No.

                V.

LATOYA HUGHES
MARGARET NADOLE
ANTHONY WILLS
MAJOR ROWLAND
LT. JOSHUA SCHOENBECK
SGT ANTHONY JONES
C/O GARCIA
SARA MCCLURE
            DEFENDANTS,

## COMPLAINT
### CIVIL ACTION NO.

23-2948-DWD

## JURISDICTION & VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFF'S CLAIMS

FOR INJUNCTIVE RELIEF, AS AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2. THE SOUTHERN DISTRICT OF ILLINOIS IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

## PLAINTIFF

3. PLAINTIFF, MARCELLUS A. FRENCH SR., IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF ILLINOIS IN THE CUSTODY OF THE ILLINOIS DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN MENARD CORRECTIONAL CENTER, IN MENARD, ILLINOIS. ADDRESSED AT; MARCELLUS A. FRENCH SR. #M21081, P.O. BOX 1000, MENARD, ILLINOIS, 62259.

# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

MARCELLUS A. FRENCH SR. )
_____ )
_____ )
_____ )   Case Number: __23-2948-DWD__
_____ )
      *Plaintiff(s)/Petitioner(s)* )        *(Clerk's Office will provide)*
                        v.          )
ANTHONY WILLS, LT. JOSHUA )   ☑ CIVIL RIGHTS COMPLAINT
SCHOENBECK, SGT. ANTHONY )   pursuant to 42 U.S.C. §1983 (State Prisoner)
JONES, MAJOR ROWLAND, )   ☐ CIVIL RIGHTS COMPLAINT
C/O GARCIA, SARA McCLURE, )   pursuant to 28 U.S.C. §1331 (Federal Prisoner)
ETC... *Defendant(s)/Respondent(s)* )   ☐ CIVIL COMPLAINT
                                  )   pursuant to the Federal Tort Claims Act, 28 U.S.C.
                                  )   §§1346, 2671-2680, or other law

## I.    JURISDICTION

**Plaintiff:**

A.    Plaintiff's mailing address, register number, and present place of confinement.

MARCELLUS A. FRENCH SR.
# N21081
P.O. BOX 1000
MENARD CORRECTIONAL CENTER

**Defendant #1:**

B.    Defendant __ANTHONY WILLS__ is employed as
              (a)    (Name of First Defendant)

__CHIEF ADMINISTRATIVE OFFICER (WARDEN)__
              (b)         (Position/Title)

with __MENARD CORRECTIONAL__
              (c)    (Employer's Name and Address)

__CENTER__

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?    ☑ Yes    ☐ No

If your answer is YES, briefly explain:

(I.D.O.C) IS BASED ON ILLINOIS, IN WHICH
ANTHONY WILLS IS THE WARDEN OF A ILLINOIS
STATE PRISON!

Rev. 10/3/19

**Defendant #2:**

C.    Defendant _MAJOR. ROWLAND_ is employed as

(Name of Second Defendant)

_MAJOR / SECURITY OFFICER_

(Position/Title)

with _MENARD CORRECTIONAL_

(Employer's Name and Address)

_CENTER_

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?    ☑ Yes    ☐ No

If you answer is YES, briefly explain:

(I.D.O.C) IS EMPLOYED BY THE STATE AND MAJOR. ROWLAND IS A MAJOR/SECURITY OFFICER FOR MENARD C.C. WHICH IS A STATE PRISON!

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

DEFENDANT #3 JOSHUA A. SCHOENBECK IS EMPLOYED AS LIEUTENANT WITH MENARD CORRECTIONAL CENTER AT THE TIME OF THE CLAIM(S) ALLEGED IN THIS COMPLAINT DEFENDANT #3 WAS EMPLOYED BY THE STATE, LOCAL, OR FEDERAL GOVERNMENT? YES (I.D.O.C) IS EMPLOYED BY THE STATE AND LT. SCHOENBECK IS A LIEUTENANT FOR MENARD C.C., A STATE PRISON.

E. DEFENDANT #4 ANTHONY B. JONES IS EMPLOYED AS SERGEANT WITH MENARD CORRECTIONAL CENTER AT THE TIME OF THE CLAIM(S) ALLEGED IN THIS COMPLAINT. DEFENDANT #4 WAS EMPLOYED BY THE STATE, LOCAL, OR FEDERAL GOVERNMENT? YES (I.D.O.C) IS EMPLOYED BY THE STATE AND SGT. JONES IS A SERGEANT FOR MENARD C.C., A STATE PRISON.

F. DEFENDANT #5 CORRECTIONAL OFFICER (C/O) GARCIA IS EMPLOYED AS CORRECTIONAL OFFICER WITH MENARD CORRECTIONAL CENTER AT THE TIME OF THE CLAIM(S) ALLEGED IN THIS COMPLAINT. DEFENDANT #5 WAS EMPLOYED BY THE STATE, LOCAL, OR FEDERAL GOVERNMENT? YES (I.D.O.C.) IS EMPLOYED BY THE STATE AND C/O GARCIA IS A CORRECTIONAL OFFICER FOR MENARD C.C., A STATE PRISON.

G. DEFENDANT #6 SARA McCLURE IS EMPLOYED AS GRIEVANCE OFFICER WITH MENARD CORRECTIONAL CENTER AT THE OF THE CLAIM(S) ALLEGED IN THIS COMPLAINT. DEFENDANT #6 WAS EMPLOYED BY THE STATE, LOCAL, OR FEDERAL GOVERNMENT?

yes (I.D.O.C.) is employed by the state and Sara McClure is a grievance officer for Menard C.C., a state prison.

H. Defendant #7 Margaret Madole is employed as an administrator of the administrative review board with the Illinois Department of Corrections at the time of the claim(s) alleged in this complaint. Defendant #7 was employed by the state, local, or federal government? yes (I.D.O.C.) is employed by the state and Margaret Madole is a member of the A.R.B, a state department.

I. Defendant #8 Latoya Hughes is employed as acting director with Illinois Department of Corrections at the time of the claim(s) alleged in this complaint. Defendant #8 was employed by the state, local, or federal government? yes (I.D.O.C) is employed by the state and Latoya Hughes is the acting director for Illinois Department of Corrections, a state department.

J. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## II.     PREVIOUS LAWSUITS

A.      Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☑Yes ☐No

B.      If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.     Parties to previous lawsuits:
       Plaintiff(s):  MARCELLUS FRENCH

       Defendant(s):
       TOM DART (SHERIFF); MR. SALAZER (SANITATION OFFICER
       MR. MARTINEZ (SUPERINTENDENT; MR LEOVOTA (MEDICAL DOCTOR

2.     Court (if federal court, name of the district; if state court, name of the county):  NORTHERN DISTRICT OF ILLINOIS

3.     Docket number:  1:14 - CV - 02859

4.     Name of Judge to whom case was assigned:  HONORABLE JOHN J. THARP JR.

5.     Type of case (for example: Was it a habeas corpus or civil rights action?):  CIVIL RIGHTS

6.     Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):  SETTLED

7.   Approximate date of filing lawsuit:
       04 / 18 / 2014

8.   Approximate date of disposition:
       2015 – 2016

9.   Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"   No

## III.   GRIEVANCE PROCEDURE

A.   Is there a prisoner grievance procedure in the institution?  ☑ Yes    ☐ No

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☑ Yes    ☐ No

C.   If your answer is YES,
   1.   What steps did you take?  I FILE A GRIEVANCE (DEEMED AN EMERGENCY) IT WAS RETURNED DEEMED NOT AN EMERGENCY, I RE-FILED TO THE COUNSELOR AND GRIEVANCE OFFICER.

   2.   What was the result?  THE GRIEVANCE OFFICER APPROVED OF MY GUILTY VERDICT AND STATED BASICALLY MY CLAIM WAS FALSE, THE CHIEF ADMINISTRATIVE OFFICER CONCURED.

D.   If your answer is NO, explain why not.
       N/A

E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   ☐ Yes    ☐ No
       N/A

F.   If your answer is YES,
   1.   What steps did you take?
       N/A

Rev. 10/3/19

2.      What was the result?

N/A

G.      If your answer is NO, explain why not.

N/A

H.      Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

THE GRIEVANCE AND EVERY RESPONSE IS PRESENT ALONG WITH EVERYTHING NEEDED TO SHOW I EXHAUSTED MY ADMINISTRATIVE REMEDY.

## IV.   STATEMENT OF CLAIM

**A.**   State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated.  Do not include legal arguments or citations.  If you wish to present legal arguments or citations, file a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. THE IMPOSITION OF DISCIPLINARY SEGREGATION FOR MISCONDUCT, DELIBERATE INDIFFERENCE TO MEDICAL NEEDS, UNSAFE AND UNSANITARY CONDITIONS, VIOLATED PLAINTIFF, MARCELLUS FRENCH'S RIGHTS AND CONSTITUTED, A DUE PROCESS VIOLATION, CRUEL AND UNUSUAL PUNISHMENT, AND EQUAL PROTECTION OF LAW, UNDER THE 1st, 8th, 13th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION. THERE IS A PATTERN OF PRACTICE IN REGARDS TO THE VIOLATIONS STATED ABOVE . . . . . . . . OVER ⟩

STATEMENT OF CLAIM

A. ON 11·08·22 APPROXIMATELY 1:00 PM —
1:30 PM, I WAS ESCORTED OFF "WEST ONE"
YARD, PLACED IN SEGREGATION AND
CHARGED WITH 1) DANGEROUS DISTURBANCE
AND 2) DISOBEYING A DIRECT ORDER
ESSENTIAL TO SAFETY AND SECURITY.

B. ON 11·16·22, PLAINTIFF HAD A HEAR-
ING ON THIS DISCIPLINARY SITUATION, I
EXPECTED FOR MY EVIDENCE TO BE
INVESTIGATED, PRESENTED AND PRESERVED.
BEING I WAS ISSUED A TICKET 11·08·22
FOR THE INCIDENT ABOVE, IN WHICH I
SIGNED FOR VERIFICATION WHILE ALSO
REQUESTING ON THE TICKET IN
WRITTING FOR WITNESSES JEMETRIC
NICHOLSON AND TEKEYA LAW TO
TESTIFY IN REGARDS TO MY INNOCENCE

1

No WITNESS WAS ALLOWED TO SPEAK OR TESTIFY ON PLAINTIFF'S BEHALF, NOR WAS ANY WITNESS INVESTIGATED IN REGARDS TO THEIR KNOWLEDGE OF THE PLAINTIFF'S ACTIONS.

C. PLAINTIFF PRESENTED ALSO, A WRITTEN STATEMENT (SEE EXHIBIT 1) THAT WAS NOT ACCEPTED, GAVE AN ORAL STATEMENT EXPLAINING THE RECORDED AND MONIT-ORED PHONES UTILIZED BY INMATE VERIFICATION WOULD EASILY EXONERATE ME. (SEE EXHIBIT 2 DISCIPLINARY REPORT SUMMARY) AFTER PLEDING MY INNOCENCE AND BEING ESCORTED BACK TO MY SEGREGATION CELL, I LATER DISCOVERED I WAS FOUND GUILTY OF BOTH CHARGES AND SENTENCED TO 28 DAYS OF SEGREGATION AND 1 MONTH OF C GRADE (DEMOTION) MY AGGRESSION

WAS ALSO RAISED FROM A 6 MODERATE
TO A 13 HIGH.

D. AFTER THE 28 DAYS OF SEGREGATION
PLAINTIFF WAS PLACE IN "EAST HOUSE"
WHICH IS A DISCIPLINARY HIGH INCIDENT
TYPE OF "BAD INMATE" UNIT. THIS UNIT
IS NOT AWARDED THE SAME PRIVILEGES
AS "GENERAL POPULATION" WHERE PLAINTIFF
WAS HOUSED BEFORE AND DURING THE
INCIDENT ON 11.08.22. (SEE EXHIBIT 3, 4
AND 5) WHICH CONSIST GRIEVANCES REGARD-
ING INADEQUATE LIVING CONDITIONS, DUE
PROCESS VIOLATIONS, EQUAL PROTECTION
VIOLATIONS. PLAINTIFF ALSO GRIEVED THE
DISCIPLINARY REPORT, THE ADJUSTMENT
COMMITTEE HEARING, AND THE PUNISHMENT
PLAINTIFF WAS SENTENCED. (SEE EXHIBIT
6)

E. NOW RESIDING IN THE "EAST HOUSE" CELL
#418 FROM 12.06.22 TO 1ST OR 2ND WEEK

3.

of JANUARY 2023, I was moved into cell # 725 with inmate Rickie Kendricks. I was not housed in this cell for 30 days before this alleged drug was found in me and my cellmate cell. This discovery took place 02·09·23, no incident report, investigation report, or disciplinary report was written until 04·29·23. (see Exhibit 7)

F. Once I was escorted to segregation 04·29·23 and issued a disciplinary report, seeing the seriousness of the offenses 1) Drugs & Drug Paraph- ernalia and 2) Contraband / Unauth- urized Property. I reviewed the Illinois Administrative Code Part 504, titled Discipline/ Grievances. I also reviewed the Illinois Department of Corrections

4

ADMINISTRATIVE DIRECTIVE, WHICH BECAME
EFFECTIVE 01·01·23. (SEE EXHIBIT 8
FOR ADMINISTRATIVE CODE PART 504 AND
EXHIBIT 9 FOR ADMINISTRATIVE DIRECT-
IVES). UPON REVIEW IT IS CLEAR AS
DAY MENARD STAFF AND ADMINISTRATION
WERE NOT FOLLOWING PROCEDURES OR
PROTOCOL! AS WHAT WILL BE SHOWN AND
PROVEN SOON, MENARD DOES NOT FOLLOW
THEIR OWN RULES LET ALONE CONSTITUT-
IONAL RIGHTS OF A PRISONER.

6. ON 05·03·23 I HAD A HEARING ON
THE CHARGES BASED ON THE DISCIPLINARY
REPORT ISSUED 04·29·23. THE SAME
COMMITTEE PERSONEL WAS PRESENT AT
MY HEARING 11·16·22, BEING LT. JOSHUA
A. SCHOENBECK AND SGT. ANTHONY B.
JONES. I PROVIDED A FULL ACCOUNT OF
HOW I AM COMPLETELY INNOCENT, HOW
MY DUE PROCESS WAS VIOLATED AND HOW

5.

ACCORDING TO THE LAWS, CODES AND RULES I MUST BE AQUITTED OF ALL CHARGES. YET AND STILL I WAS CONVICTED OF THE OFFENSES (SEE EXHIBIT 10 THE SUMMARY OF THE ENTIRE PROCEEDING, EXHIBIT 11 GRIEVANCE CONCERNING DUE PROCESS VIOLATIONS AND ADMINISTRA- TIVE CODE VIOLATIONS) NOT ONLY WAS I CONVICTED, I WAS EXCESSIVELY SENTENCED, ANOTHER OPENLY DISREGARD TO THE LAWS AND POLICIES SET FORTH THAT MENARD "CLEARLY" DOESNT FOLLOW. (SEE EXHIBIT 12 GRIEVANCE ADDRESS- ING 504.110 COMPUTATION OF DISCIPLINE FOR MULTIPLE OFFENSES)

H. WHILE ENDURING THIS SEGREGATION SENTENCE THE HARDSHIPS I'VE ENCOUNTER- ED ARE MORE THAN SIGNIFICANT THEY ARE EXTREME AND COMPLETELY INHUMANE.

6.

HOUSED HOLD WAS OPEN IN NORTH TWO #334 I WAS A NEUTRAL PARTY IN THE MIDDLE OF A RIOT BETWEEN THE OFFICERS AND INMATES. (SEE EXHIBIT 13 GRIEVANCE # 182-6-23) FECES, URINE, MASSIVE FLOODS, EVEN A SUICIDE TOOK PLACE, MASSIVE MACE WAS SPRAYED AND <u>NOTHING</u> WAS CLEANED UNTIL DAYS LATER. SHOWERS WERE NOT GIVEN FOR WEEKS AND FOOD PORTIONS DECREASED DRASTICLY.

I. I HAVE BEEN DENIED RECREATION/YARD WITHOUT VALID REASON, MY PERSONAL PROPERTY HAS BEEN MISPLACED AND MISHANDLED, MENARD HAS DIRECTLY VIOLATED THEIR POLICIES AND ADMINISTRATIVE DIRECTIVES, IN REGARDS TO MY CARE. (SEE EXHIBIT 14 GRIEVANCE # 287-5-23) YET AND STILL THE DENIAL OF RIGHTS IS A CLEAR PATTERN OF PRACTICE BY MENARD STAFF AND ADMINISTRATION.

PROPER ACCESS TO THE COURTS (LEGAL
PROCEEDINGS) AND ACCESS TO KNOWLEDGE/
EDUCATION THAT HAS HELPED ME UNDERST-
AND AND APPLY MY RIGHTS. (SEE EXHIBIT
15 GRIEVANCE #376-5-23) IN REGARDS
TO EDUCATION DENIAL AND STAGNATION (SEE
EXHIBIT 16 GRIEVANCE #41-5-23) ALSO
IN REGARDS TO LEGAL MAIL BEING MIS-
HANDLED AND NOT RECIEVED UNDER PROPER
PROCEDURES. (SEE EXHIBIT 17 GRIEVANCE
# 42-8-23)

K. MY IMMEDIATE FAMILY AND FRIENDS
HAVE BEEN DENIED AND DEPRIVED of
VISITATION (VIDEO AND CONTACT), commu-
NICATION (PHONE CALLS AND EMAILS) DUE
TO THE PUNISHMENT I'VE UNLAWFULLY
RECIEVED. BECAUSE of THIS PATTERN of
PRACTICE, CLEAR VIOLATIONS of MY RIGHTS

I'VE LOVE DEARLY. (SEE EXHIBIT 18 MARRIAGE REQUEST DENIAL) MY GRANDFATHER DIED SOMETIME IN JULY OF 2023 AND I WAS UNABLE TO CONSOLE MY MOTHER AT THE LOST OF HER FATHER.

L. IT IS MY BELIEF THAT THIS PATTERN OF MISCONDUCT IS BEING EXTENDED TO ME BECAUSE I GRIEVANCE ANY AND ALL IMPROPER AND UNLAWFUL CONDITIONS AND CONDUCT HERE AT MENARD C.C. TO REDRESS IS MY RIGHT AND I SHOULD NOT BE PLACED IN IMPOSITION OF SOLITARY CONFINEMENT WITHOUT DUE PROCESS WHICH REQUIRES 1. WRITTEN STATEMENT OF FACT FINDINGS, 2. WRITTEN NOTICE OF CLAIMED VIOLATIONS, 3. RIGHT TO CALL WITNESSES, 4. PRESENT DOCUMENTARY EVIDENCE WHERE SUCH WOULD NOT BE

.9

UNDUE OR CORRECTIONAL GOALS. CLEARLY THE WILLING TESTIMONY FROM TEKEYA LAW AND JEMETRIC NICHOLSON (SEE EXHIBIT 19 AND EXHIBIT 20) WAS AVAILABLE, THE ADJUSTMENT COMMITTEE JUST DIDNT ALLOW ME TO PRESENT THE WITNESSES ABUSING THEIR DISCRETION. PLAINTIFF ALSO OBTAINED "EXCULPATORY" EVIDENCE (SEE EXHIBIT 21) WHICH IS THE CELLULAR PHONE OF TEKEYA LAW CALL LOG SHOWING AND PROVING SHE WAS INDEED ON THE PHONE AT THE TIME AND DATE OF THE INCIDENT AT HAND, THIS CORROBORATES WITH THE TESTIMONY OF MS. LAW. PLAINTIFF WAS ABLE TO OBTAIN THIS WITHOUT CAUSING ANY HAZARDOUS OR SAFETY VIOLATIONS TO THE INSTITUTION, SO IT IS EASY TO SAY THE HEARING INVESTIGATOR COULD HAVE EASILY RETRIEVED THIS EXONERATING EVIDENCE.

M. PARAGRAPH I., SENTENCE 4 "IF ANY WITNESS REQUEST IS DENIED, A WRITTEN REASON SHALL BE PROVIDED". (SEE EXHIBIT 8 ) No REASON WAS GIVEN AT ALL WHY TEKELA LAW WAS DENIED AS A WITNESS, AGAIN VIOLATING ADMINISTRATIVE CODE! AND THE REASON JEMETRIC NICHOLSON WAS A DISAPPROVE WITNESS " INDIVIDUAL IN CUSTODY NICHOLSON, JEMETRIC #M33766 WAS NOT CALLED AS A WITNESS, THE WITNESS WAS INVOLVED IN THE SAME INCIDENT." (EXHIBIT 2 ADJUST-MENT COMMITTEE FINAL SUMMARY REPORT) WHICH MAKES NO SENSE AT ALL BEING NICHOLSON PLED GUILTY AND WAS EXONERAT-ING PLAINTIFF AS A CONSPIRATOR OR ACCESSORY.

N. NOW AGAIN PLAINTIFF'S DUE PROCESS HAS BEEN VIOLATED IN A LIBERTY INTEREST CREATED BY PRISON REGULATIONS AS PLAIN-TIFF HAS BEEN PLACED IN SOLITARY

MENARD C.C. AND SPECIFICALLY LT. JOSHUA A. SCHOENBECK AND SGT. ANTHONY B. JONES HAS COMPLETELY DISREGARDED THE ADMINISTRATIVE CODE AND ADMINISTRATIVE DIRECTIVES. ACCORDING TO MENARD C.C. OWN RULES AND REGULATIONS THERE ARE MULTIPLE REASONS WHY THIS CHARGE SHOULD HAVE BEEN AQUITTED. THE FIRST IS SECTION 504.20 PARAGRAPH E (SEE EXHIBIT B) WHICH DISCUSSES POSSESSION. THIS PARAGRAPH ADDRESSES INMATES IN A "SINGULAR" STAND POINT YET THERE ARE TWO PEOPLE (PLURAL) LIVING IN THE CELLS HERE AT MENARD C.C (EAST HOUSE). AND BY THE INCOMPETENT OFFICER WHO ALLEGEDLY FOUND THE DRUGS FAILED TO PROPERLY PREPARE THE DISCIPLINARY REPORT I'M SUFFERING ANOTHER INJUSTICE.

12

O.  THE 3:23-SIONS AND REASON THE ADJUSTMENT
COMMITTEE SHOULD HAVE AQUITTED THE
CHARGES I HAVE BEEN UNLAWFULLY CONV-
ICTED OF, SECTION 504.30 PARAGRAPH C
STATES; (SEE EXHIBIT 8)

"THE DISCIPLINARY REPORT MUST BE FULLY
COMPLETED. THE REPORTING EMPLOYEE SHALL
PROVIDE THE FOLLOWING INFORMATION TO THE
EXTENT KNOWN OR AVAILABLE".

THERE ARE SIX SENTENCES THAT FOLLOW
THE STATEMENT ABOVE, PLAINTIFF WILL
ONLY CITE THE ONE THAT WAS NOT GIVEN
TO HIM VIOLATING HIS DUE PROCESS
SINCE THE LAW STIPULATES IT MUST BE
DONE TO COMPLETE MY DISCIPLINARY REPORT.
SENTENCE FOUR STATES;

"A WRITTEN STATEMENT DETAILING THE
CONDUCT OBSERVED".

THE REPORTING OFFICER WHO ALLEGEDLY DIS-
COVERED THE DRUGS FAILED TO SAY WHERE
HE FOUND THE DRUGS! OBVIOUSLY IF THERE
IS A DISCOVERY MADE, THERE IS AN LOCATION
INVOLVED WHICH WAS NOT STATED IN THE
REPORT. (SEE EXHIBIT 7) THE OMISSION OF
THIS CRUCIAL DETAIL DEPRIVED PLAINTIFF
OF EXONERATION, PRESENTING A DEFENSE,
DUE PROCESS AND EQUAL PROTECTION OF
THE LAW. WHICH IS WHY THE ADJUSTMENT
COMMITTEE SHOULD HAVE AQUITTED ME!

P. THE THIRD REASON IS ALSO WITHIN SECTION
504.30, BUT NOW PARAGRAPH D. (SEE EXHIBIT
B) WHICH STATES CLEARLY;

"IF AN OFFENDER IS SUSPECTED OF COMMITTING
A DISCIPLINARY OFFENSE, AN INVESTIGATIVE
DISCIPLINARY REPORT, HEREINAFTER REFERRED
TO AS AN INVESTIGATIVE REPORT, SHALL BE
ISSUED THAT REASONABLY INFORMS THE

OFFENDER ... ATION TO THE EXTENT THAT SAFETY AND SECURITY ALLOW. IN NO EVENT SHALL AN INVESTIGATIVE REPORT BE SERVED UPON AN OFFENDER MORE THAN EIGHT CALENDAR DAYS AFTER THE SUSPECTED COMMISSION OF AN OFFENSE OR THE DISCOVERY OF AN OFFENSE, WHICHEVER IS LATER, UNLESS THE OFFENDER IS UNAVAILABLE OR UNABLE TO PARTICIPATE IN THE PROCEEDING"

PLAINTIFF WAS ALWAYS AVAILABLE AND YET HE NEVER RECIEVED AN INVESTIGATIVE REPORT WHEN CLEARLY PLAINTIFF WAS "SUSPEC-TED OF COMMITTING A DISCIPLINARY OFFENSE". (SEE EXHIBIT 7) WHICH STATES "THIS DISCIP-LINARY REPORT IS BEING ISSUED BASED ON VIOLATIONS THAT HAVE BEEN DISCOVERED DURING THE COURSE OF AN "INTERNAL INVESTIGAT-ING". CLEARLY ABANDONING THE RIGHTS AND PROCEDURES ENTITLED TO PRISONERS, SUCH AS PLAINTIFF. SO THIS CLAIM IS NOT DRAWN OUT TO LONG PLAINTIFF CITES EVERY REGULATION

15

of MANDATORY LANGUAGE ON WHICH BASES
ENTITLEMENTS TO VARIOUS PRIVILEGES THAT
WERE CLEARLY DISREGARDED CONCERNING
PLAINTIFF; 504.30 PARAGRAPH E, 504.60
PARAGRAPH A, 504.80 PARAGRAPHS E, G,
I-4, K, M-C2, AND 504.110 PARAGRAPH A
(SEE EXHIBIT 8 FOR SUPPORT OF THE CITED
EVIDENCE).

G. BEFORE PLAINTIFF CHALLENGES THE CONDITIONS
OF CONFINEMENT, PLAINTIFF ASK THE COURT
TO REVIEW HIS SITUATION DE NOVO AND UPON
ACCEPTANCE AWARD PLAINTIFF, FRENCH, AND
ALL THE DUE PROCESS GIVEN IN WOLFF V.
McDONNELL 418 U.S. 539. PLAINTIFF WAS
ARRESTED FOR 1ST DEGREE MURDER AT THE
AGE OF 20 (YOUNG ADULT/YOUTHFUL OFFENDER
SEE 730 ILCS 5/5-4.5-115 (2020)) BECAUSE
OF NEWLY DISCOVERED SCIENCE ON JUVENILE/
YOUNG ADULT BRAIN DEVELOPMENT AND NEW
CASELAW (PEOPLE V. HARRIS, 2018 IL 121932;
MILLER V. ALABAMA, 567 U.S. 460 (2012);

16.

JUVENILES AND YOUNG ADULTS ARE NOW BEING RESENTENCED AND GIVEN PAROLE ACCESS. (SEE EXHIBIT 22 PLAINTIFF'S ACTIVE PETITION REGARDING RE-SENTENCING) (AND ALSO EXHIBIT 23 ANALYSIS OF HIS DEVELOP-MENT (PLAINTIFF) BY PH.D JAMES GARBARINO) POOR DISCIPLINARY HISTORY, WITH LITTLE EVIDENCE OF IMPROVEMENT IS THE 1st FACTOR CONSIDERED REGARDING RESENTENCING! SO THE DURATION OF TIME I AM RESENTENCED RELIES HEAVILY ON INFRACTIONS I AM CHARGED WITH WHILE INCARCERATED. (SEE EXHIBIT 23 PAGES 23-25). BECAUSE OF THE IMPACT DISCIPLINARY INQUIRIES HAVE ON PLAINTIFF, AGAIN PLAINTIFF REQUEST THIS COURT TO EXTEND ALL DUE PROCESS PROTECTIONS AS WAS GIVEN TO McDONNELL IN WOLFF V. McDONNELL 418 U.S. 539.

R. -DITIONS OF CONFINEMENT. PLAINTIFF HAS BEEN EXCEEDINGLY AND SIGNIFICANTLY PUNISHED AND PLACED THROUGH HARDSHIP. AS OF THE PREPARATION OF THIS CLAIM PLAINTIFF HAS BEEN IN SEGREGATION 102 DAYS AND I'VE ONLY BEEN TO RECREATION A TOTAL OF APPROXIMATELY 5 HOURS AND 30 MINUTES. (SEE EXHIBIT 24 WHICH CONSIST OF 9 (NINE) AFFIDAVITS SUPPORT-ING RECREATIONAL DENIAL).

PLAINTIFF SUFFERED BEING IN THE MIDDLE OF A RIOT. (SEE EXHIBIT 25 WHICH CONSIST OF 2 (TWO) AFFIDAVITS SUPPORT-ING THE RIOT AND CONDITIONS OF IT), WAS DEPRIVED OF EDUCATIONAL GROWTH (SEE AFFIDAVITS (3) OF THEM ALONG WITH LETTER MARKED EXHIBIT 26), AND HOUSED AROUND SERIOUSLY MENTALLY ILL

INDIVIDUAL ... AFFIDAVIT OF PLAINTIFF )

5. IN ACCORDANCE WITH THE "ILLINOIS DEPARTMENT OF CORRECTIONS ADMINISTRATIVE DIRECTIVE" WHICH STATES ON THE COVER PAGE THAT ITS POLICY IS " THE DEPARTMENT SHALL ENSURE INDIVIDUALS IN CUSTODY PLACED IN RESTRICTIVE HOUSING ARE PROVIDED LIVING CONDITIONS IN ACCORDANCE WITH DEPARTMENT RULE 504. ADMINISTRATION OF DISCIPLINE AND PROVISIONS ESTABLISHED HEREIN". (SEE EXHIBIT 9) IN SECTION J. TITLED "RESTRICTIVE HOUSING CONDITIONS OF CONFINEMENT STAND — ARDS" (EXHIBIT 9 PAGES 8-12) SEE PARAGRA- PHS 1., 1G-1, 1H, 1T, 1W, 1X-, ALSO PARAGRA- PHS 2., 3A-1, 3A-2, 3B, 3B-1.

AFTER REVIEWING THE EVIDENCE OF MENARD CORRECTIONAL CENTER STAFF AND ADMINISTRATION CLEARLY BEING INSUBORDINATE YOU'LL SEE , I , PLAINTIFF REDRESSED EVERY

19

ONE OF THOSE 3 MONTH VIOLATIONS THE GRIEVANCE OFFICER SARA McCLURE, GALLERY OFFICER (OF 3 GALLERY N2) GARCIA, MAJOR ROWLAND AND CHIEF ADMINISTRATING OFFICER ANTHONY WILLS DID NOTHING IN REGARDS TO THE MULTIPLE INFRACTIONS AND VIOLATIONS TAKING PLACE AT MENARD C.C. AND AFTER GRIEVING/REDRESSING AND EXHAUSTING EVERY ISSUE THEN BEING DENIED WHAT IS AND WAS CLEARLY VIOLATED. PLAINTIFF APPEALED TO THE A.R.B. (ADMINISTRATIVE REVIEW BOARD) AND ACTING DIRECTOR LATOYA HUGHES AND BOARD MEMBER MARGARET MADOLE SIGNED OFF ON EVERY GRIEVANCE DECISION AFFIRMING IN MENARD FAVOR, EVEN THOUGH THEY WERE RULING AGAINST THEIR OWN LAWS AND POLICIES!

THE WORST PART OF YOUR DUE PROCESS AND EQUAL PROTECTION BEING DENIED IS MAKING THOSE AWARE THAT THEY ARE IN FACT

IN STILL CONTINUE IN THEIR ACTIONS.

T. CLEARLY THE GRIEVANCE PROCESS AT MENARD C.C. IS INCOMPETENT, THE PEOPLE NAMED IN THIS SUIT KNEW WITH 1st HAND KNOWLEDGE MY RIGHTS, PLAINTIFF HAS ALSO GRIEVANCED HOW MEDICAL TREATMENT IS ISSUED UNLAWFULLY, MEDICAL ATTENTION IS A RIGHT! AS YOU CAN SEE IT IS BEING DENIED TO ME AND OTHERS RESIDING AT MENARD C.C. (SEE GRIEVANCE AND AFFIDAVITS # EXHIBIT 28) ALSO (AFFIDAVITS FROM RESIDENTS (INMATES) AT MENARD C.C. EXHIBIT 29) PLAINTIFF REQUEST RESPECTFULLY THAT THE COURT REVIEW THESE CLAIMS INDIVIDUALLY AND CUMULAT- IVELY TO BE ABLE TO EVALUATE THE FULL WEIGHT OF PLAINTIFF'S PAIN AND SUFFERING.

IV. AS, SUPRA, THERE IS NO ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

V. PLAINTIFF RESPECTFULLY REQUEST THAT THIS COURT BE UNDERSTANDING WITH THIS CLAIM/FILING AS I, PLAINTIFF, AM PRO SE' AND CLEARLY NOT A LAWYER. THANK YOU

Prayer for Relief

IN CONCLUSION; PLAINTIFF RESPECTFULLY PRAYS
THAT THIS COURT ENTER JUDGMENT GRANTING
PLAINTIFF;

1. A DECLARATION THAT THE ACTS AND OMISSIONS
DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS
UNDER THE CONSTITUTION AND LAWS OF THE
UNITED STATES.

2. A PERMANENT INJUNCTION ORDERING DEFEND-
ANT'S "LT. JOSHUA SCHOENBECK" AND "SGT. ANTHONY
JONES" TO EXTEND INMATES UNDER THEIR MERCY
REGARDING RIGHTS DURING THE ADJUSTMENT
COMMITTEE HEARINGS, THEIR DUE PROCESS AS
THE ADMINISTRATION CODES AND DIRECTIVES
STIPULATE. THAT "MAJOR ROWLAND" PROPERLY
INFORM AND ENFORCE TO HIS STAFF THAT THE
RIGHTS AND ENTITLEMENTS OF A INMATE
SHOULD NOT BE VIOLATED IN ANY MANOR.
ALSO THAT GRIEVANCE OFFICER "SARA McCLURE

23

BE ORDERED TO PERMANENTLY MAKE DECISIONS ON INMATE GRIEVANCES <u>ONLY</u> BASED OFF I.D.O.C REGULATIONS AND RULES AND <u>NOT</u> BASED ON HER OWN **DISCRETION.**

FURTHERMORE, "ACTING DIRECTOR LATOYA HUGHES" AND "ADMINISTRATIVE REVIEW BOARD MEMBER MARGARET MADDLE" BE ORDERED TO PERMANENTLY MAKE DECISIONS ON THE REDRESS/GRIEVANCE OF A INMATE BASED <u>ONLY</u> ON THE "<u>MANDATORY</u>" RULES AND REGULATIONS THEIR DEPARTMENT (I.D.O.C.) CREATES AS A WHOLE, A BOARD, AND NOT BASED ON THEIR OWN DISCRETION.

3. A PRELIMINARY INJUNCTION ORDERING "CHIEF ADMINISTRATING OFFICER ANTHONY WILLS" TO HOUSE ME, PLAINTIFF, IN A "<u>SINGLE MAN</u>" CELL UNTIL I.D.O.C AND

24

MENARD CORRECTIONAL CENTER OF THIS COURT CHANGES, CORRECTS OR COMPLETES THE POLICIES THAT ARE OBVIOUS UNFAIR FORCING AN INMATE TO BE RESPONSIBLE FOR HIS CELLMATE "PERSONAL PROPERTY" OR SIMPLY SOMETHING THAT IS CLEARLY AND OBVIOUSLY <u>NOT</u> HIS!

4. A PRELIMINARY INJUNCTION ORDERING "CHIEF ADMINISTRATING OFFICER ANTHONY WILLS TO ENFORCE A <u>SUFFICIENT</u> MEANS OF MEDICAL ATTENTION REQUEST AND <u>ANY</u> REQUEST THAT ARE BASED ON A PRISONER'S RIGHTS! CLEARLY WRITTING ON "REGULAR" PAPER IS INADEQUATE, THERE IS NO PROOF OR RECIEPT OF THE REQUEST WHICH LEAVES NO ONE RESPONSIBLE OR ACCOUNTABLE.

5. COMPENSATORY DAMAGES IN THE AMOUNT OF $ 42,000.⁰⁰ AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

6.   PUNITIVE DAMAGES IN THE AMOUNT of $ 1,000.⁰⁰
AGAINT EACH DEFENDANT.

7.   RE-IMBURSE PLAINTIFF FOR THE cost of THIS
SUIT.

8.   ANY ADDITIONAL RELIEF THIS COURT DEEMS
JUST, PROPER AND EQUITABLE.

08·21·2023

RESPECTFULLY SUBMITTED,

Marcellus A. French Sr.

MARCELLUS A. FRENCH SR

# M21081

P.O. BOX 1000

MENARD  IL  62259

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

STATED ON SEPERATE SHEET OF PAPER !

## VI.    JURY DEMAND (*check one box below*)

The plaintiff ☑ does ☐ does not request a trial by jury.


## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed on: 08·21·2023
_____
(date)

Marcellus A French Sr.
_____
Signature of Plaintiff

P.O. BOX 1000
_____
Street Address

MARCELLUS A. FRENCH SR.
_____
Printed Name

MENARD, IL 62259
_____
City, State, Zip

M21081
_____
Prisoner Register Number

_____
Signature of Attorney (if any)

Rev. 10/3/19

## United States District Court
## SOUTHERN DISTRICT OF ILLINOIS

MARCELLUS FRENCH SR.                    )
    **Plaintiff,**                     )
                                       )
                                       )
VS.                                     )      Case No.: _____
                                       )
ANTHONY WILLS, ETC..                    )
    **Defendant**                      )

### NOTICE OF FILING

TO: CLERK OF THE COURT      TO: _____
U.S. DISTRICT COURT            _____
SOUTHERN DISTRICT of        _____
ILLINOIS, 301 WEST         _____
MAIN ST., BENTON IL       
TO: 62812                  TO: _____
    _____           _____
    _____           _____
    _____           _____

PLEASE TAKE NOTICE that on __08 · 21__, 20 _23_, I have provided service to the person(s) listed above by the following means:

☑    Electronically filed through _MENARD_ Correctional Law Library

☐    Institutional mail at _____ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

### DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 USC 1746 and 18 USC 1621, I declare under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: _08 · 21 · 23_

/s/ _____
NAME: _MARCELLUS A. FRENCH SR._
IDOC#: _M2108I_
_MENARD_ Correctional Center
P.O. Box _1000_
_MENARD_, IL _62259_



8-29-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

_French, Marcellus_                    _M21081_
Name                                    ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.   Is this a new civil rights complaint or habeas corpus petition?            (Yes) or  No

     If this is a habeas case, please circle the related statute:   28 U.S.C.  2241 or 28 U.S.C. 2254

2.   Is this an Amended Complaint or an Amended Habeas Petition?        Yes or (No)

          If yes, please list case number: _____N/A_____

          If yes, but you do not know the case number mark here: _____

3.   Should this document be filed in a pending case?               Yes or (No)

          If yes, please list case number: _____N/A_____

          If yes, but you do not know the case number mark here: _____

4.   Please list the total number of pages being transmitted:       _293_

5.   If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

Name of Document                                      Number of Pages

— Complaint and Notice of Filing                          _39_

— Application To Proceed Without Costs                    _6_
(with Affidavit and Trust Fund Statements)                ____

— Exhibits                                                _248_

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.