IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCELLUS A. FRENCH, SR., M21081, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 23-cv-2948-DWD ) |
| ANTHONY WILLS, ET. AL, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Marcellus A. French, Sr., an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 12). Specifically, Plaintiff alleges that his rights were violated during two separate disciplinary proceedings, the conditions of confinement in segregation were improper, he has been denied medical care, and his grievances have been mishandled. The Court dismissed Plaintiff's initial complaint for failure to state a claim, and it allowed him to proceed on a single conditions of confinement claim presented in his amended complaint. Plaintiff now moves for leave to file a second amended complaint, and defendant has responded. For reasons explained in this Order, and in prior reviews of Plaintiff's pleadings, the Second Amended Complaint (Doc. 63-1) will be rejected because it does not contain any additional claims that are viable.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE SECOND AMENDED COMPLAINT

Plaintiff alleges in his Motion for Leave to Amend (Doc. 63) that his proposed second amended complaint (Doc. 63-1) complies with Local Rule 15(a)(1), but his proposed amended complaint does not comply with the rest of Local Rule 15. Notably, his First Amended Complaint was 49 pages long, but his second amended complaint is just 36 pages. Local Rule 15.1(b)(2) requires that amended material must either be underlined or redlined to demonstrate the differences between pleadings. Plaintiff has not indicated what differs between his first and second amended complaints, and the Court did not engage in a tireless exercise of comparing the pleadings page-by-page to explain the differences in this order. Instead, the Court read the proposed Second Amended Complaint for substance and considered if the allegations in the Second Amended Complaint presented a valid basis to designate additional claims in this case.

It appears in general terms that Plaintiff has adopted the claims designated by this Court in the Order for Service of Process (Doc. 15). Of those claims, the Court allowed just one to proceed (Claim 3), while it dismissed three others. The claims were:

> **Claim 1:** Fourteenth Amendment Due Process claim against Defendants Schoenbeck and Jones concerning November 2022 disciplinary ticket;
>
> **Claim 2:** Fourteenth Amendment Due Process claim against Defendants Schoenbeck and Jones concerning April 2023 disciplinary ticket;
>
> **Claim 3:** Eighth Amendment conditions of confinement claim concerning segregation placement;
>
> **Claim 4:** First Amendment retaliation claim against Defendant Wills.

(Doc. 15 at 8). Plaintiff has organized his second amended pleading into three claims, and he has reorganized them so that Claim 1 is the conditions claim and Claims 2 and 3 deal with the disciplinary proceedings. (Doc. 63-1). Despite designating just three claims, it appears that Plaintiff has attempted to shoehorn numerous sub-theories into the claims. For example, he faults defendant Anthony Wills for deliberate indifference to his medical needs for multiple conditions within the scope of claim 1, and in other places throughout the complaint he faults Wills for denying his First Amendment right to access the grievance procedure. In association with the due process claims, he additionally faults defendants for violating his right to equal protection.

Having thoroughly reviewed Plaintiff's two previous pleadings, and having read the 36-page amended complaint in detail, the Court will briefly analyze the claims without recounting the facts at length. This is appropriate because the Court did not detect, and Plaintiff did not clearly highlight via underlining, any facts or assertions that are materially different from previous pleadings. He argues in his motion to amend that he has provided greater detail about things now that he has been able to access his

grievance records, but to the extent he talks about problems with the grievance process, or dissatisfaction with Warden Wills' handling of his grievances, neither of these things changes the substantive analysis of the Due Process or Eighth Amendment claims nor creates a freestanding First Amendment claim. There is no protected interest in access to or the functionality of the grievance process itself, so Plaintiff's allegations about Wills violating his First Amendment right relative to the grievance process are insufficient to state a claim. *See e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances by persons who did not otherwise cause or participate in underlying conduct is insufficient to state a claim).

Perhaps Plaintiff is going for an allegation that Wills turned a blind eye to the issues he raised in his grievances, but most of his allegations just generically complain about Wills designating grievances emergency or non-emergency or his signing off without thoroughly investigating. The bare assertion that Wills should be at fault for designating grievances emergency or non-emergency, or for reaching a certain substantive outcome on grievances, is not enough to support any additional plausible claims against him under the First, Eighth, or Fourteenth Amendments.

In the proposed amended pleading, Plaintiff also attempts to reframe his Eighth Amendment deliberate indifference to medical needs claims as claims against Defendant Wills for his handling of grievances related to these issues. Previously, Plaintiff presented allegations about various medical ailments against two defendants who worked in his cellhouse while he was in segregation from April to September of 2023. The Court dismissed those allegations as too ambiguous because Plaintiff did not explain when or

how he sought care from these defendants, he did not clearly explain the severity of the conditions for which he sought care, and he did not explain any specific harm associated with a delay or denial of care. (Doc. 15 at 9-10). Plaintiff has now reframed just some of his deliberate indifference to a medical needs claims (exposure to waste after the cellhouse was flooded with human waste, lack of exercise related to his gunshot wound, and secondhand smoke exposure) against Wills on the premise Wills received and reviewed grievances about these issues but failed to ensure care was provided. Again, Plaintiff's allegations lack much detail about his physical state, and they do not clearly describe harm associated with any delay or denial of care, other than the generic assertion that he still has pain. It is also notable that although Plaintiff complains of pain that exists to this day, and a lack of treatment that exists to this day, the events in his complaint pertain to segregation from April to September of 2023, approximately two years ago. To the extent he has ongoing or new medical issues, his proposed amended pleading lacks significant detail about what has happened between September 2023 to present. On the whole, Plaintiff's allegations that Wills was deliberately indifferent to his serious medical needs are still too vague to support an Eighth Amendment claim.

In the proposed amended pleading, Plaintiff also regurgitates his claims about the adequacy of the due process protections he received at two disciplinary hearings. The Court has twice reviewed and rejected these contentions. (Docs. 11, 15). Plaintiff's attempt to repackage these claims does not substantively alter the Court's prior analysis. Additionally, it is worth noting that even if either of Plaintiff's stints in segregation rose to the level of an atypical and significant hardship invoking a liberty interest, he would

still have to demonstrate that he was not afforded due process in the disciplinary proceedings, a showing he cannot make on the available record. In both instances, the disciplinary consequences he received were segregation time and other various things like restrictions on visits or a grade reduction. Punishments like these only invoke informal due process protections. Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written statement or hearing. *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024). Plaintiff does not allege that he lacked notice of the reasons for his placement in segregation, nor does he claim he lacked an opportunity to present his views by a written statement or hearing. As such, he cannot maintain a due process claim related to the two instances of discipline he has identified.

Based on the foregoing analysis, the Court finds that Plaintiff's proposed second amended pleading is not sufficient to add any additional operative claims to this case. Thus, his Motion for Leave to Amend (Doc. 63) will be denied.

### Miscellaneous Motions

Defendant Wills' Motion to Withdraw the Affirmative Defense of Failure to Exhaust (Doc. 64), will be granted. This ruling renders Plaintiff's Motion to Dismiss Defendant's opportunity for summary judgment (Doc. 66) moot.

Plaintiff has also filed a Motion for a Settlement Conference (Doc. 67). This matter was already presented for settlement in November of 2024 before Magistrate Judge Beatty, but the case did not settle. If BOTH parties agree to try settlement or mediation

again, they may jointly present a request. The Court will not order settlement or mediation without affirmative interest by both sides.

## Disposition

Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 63) is **DENIED**. Defendant Wills' Motion to Withdraw (Doc. 64) is **GRANTED**, and Plaintiff's related Motion (Doc. 66) is **DENIED** as **MOOT**.

Plaintiff's Motion for a Settlement Conference (Doc. 67) is **DENIED** without prejudice. The parties may jointly request settlement or mediation at any point.

This matter will now proceed to merits discovery guided by a separate scheduling order.

**IT IS SO ORDERED.**

Dated: May 22, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
